

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-14-2006

# USA v. Howard

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2262

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Howard" (2006). *2006 Decisions.* Paper 1443.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1443

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-2262
_____

UNITED STATES OF AMERICA,

Appellee,

v.

ABDUL HOWARD,

Appellant.
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

District Court Judge: The Honorable Stewart Dalzell
(Criminal No. 02-00172-30)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 2, 2006

BEFORE: SLOVITER and FUENTES, <u>Circuit</u> Judges, and RESTANI,[*] <u>Chief
International Trade Judge</u>.

(Filed:   March 14, 2006)

---

[*] Honorable Jane A. Restani, Chief International Trade Judge, sitting by
designation.

OPINION OF THE COURT

FUENTES, <u>Circuit</u> <u>Judge</u>.

Abdul Howard appeals from his conviction following trial for conspiracy to distribute cocaine and cocaine base, and also appeals his sentence of 360 months in prison. Regarding his conviction, Howard argues that the District Court erred in denying his Rule 33 motion for a new trial based on the government's failure to disclose cell phone records until near the end of trial. Howard also argues that his trial counsel was ineffective in failing to present at trial Howard's own cell phone records, which purportedly contradict the records presented by the government. As to his sentence, Howard argues that his case should be remanded for resentencing in accordance with the Supreme Court's opinion in <u>United States v. Booker</u>, 543 U.S. 220 (2005). We affirm Howard's conviction but remand for resentencing pursuant to <u>Booker</u>.

## BACKGROUND

### I.

Because we write only for the parties, our summary of the facts is abbreviated. In October 2002, Howard was indicted along with thirty-six co-defendants for conspiracy to distribute cocaine and cocaine base. Howard was also charged with possession of cocaine base with intent to distribute, possession of cocaine base with intent to distribute within 1000 feet of a school, using a minor to possess cocaine with intent to distribute, and

possession of a firearm by a convicted felon. The District Court severed the defendants and conducted seven separate trials. Howard was tried with four other defendants in January 2004, and was convicted as to the conspiracy count. The jury acquitted Howard as to three other counts, and the District Court dismissed the felon in possession count.

At trial, the government presented telephone records showing a high frequency of calls between Howard's cell phone and the telephones of several other members of the conspiracy during the relevant period. Three months after trial, Howard filed a motion for a new trial under Federal Rule of Criminal Procedure 33, claiming that his own Nextel telephone records from 2001 contradict the evidence presented by the government at trial, and that these records constitute newly discovered evidence requiring a new trial.[1] The District Court denied Howard's motion, finding that he could not prevail under Rule 33 because he had not demonstrated that he was diligent in discovering the phone records.

At sentencing in April 2004, the District Court found that Howard was accountable for distribution of at least 1.5 kilograms of cocaine base and 150 kilograms of cocaine. These amounts were higher than those found by the jury, which convicted Howard of

---

[1] Rule 33 provides, *inter alia*:

(a) <u>Defendant's Motion</u>. Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires.
. . .
(b) <u>Time to File</u>.
(1) <u>Newly Discovered Evidence</u>. Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty.

3

conspiracy to distribute at least 50 grams of cocaine base and 5 kilograms of cocaine. The

Court also increased Howard's offense level based on findings of possession of a firearm

and obstruction of justice through witness intimidation. Under the Federal Sentencing

Guidelines, the resulting offense level of 42 and a criminal history category of IV

produced an imprisonment range of 360 months to life. The Court sentenced Howard to

360 months in prison.

## DISCUSSION

### I.

Howard argues that the District Court erred in denying his motion for a new trial

because his telephone records cast doubt on the records submitted by the government.[2]

This Court applies a five-part test in determining whether a new trial should be granted

based on "newly discovered evidence" under Rule 33:

> a) the evidence must be[,] in fact, newly discovered, i.e., discovered since
> trial; (b) facts must be alleged from which the court may infer diligence on
> the part of the movant; (c) evidence relied on[ ] must not be merely
> cumulative or impeaching; (d) it must be material to the issues involved;
> and (e) it must be such, and of such nature, as that, on a new trial, the newly
> discovered evidence would probably produce an acquittal.

United States v. Jasin, 280 F.3d 355, 361 (3d Cir. 2002) (quoting United States v.

---

[2] We review a District Court's denial of a Rule 33 motion for a new trial for abuse of
discretion. United States v. Jasin, 280 F.3d 355, 360 (3d Cir. 2002). We consider *de novo*,
however, the legal issue of whether evidence is "newly discovered" within the meaning of
Rule 33. Id. The District Court had jurisdiction over this federal criminal case pursuant to
18 U.S.C. § 3231. This Court has jurisdiction over Howard's appeal of his conviction and
sentence pursuant to 28 U.S.C. § 1291.

Iannelli, 528 F.2d 1290, 1292 (3d Cir. 1976)).  Howard states that he could not have obtained his cell phone records before the end of the trial because the government only alerted defense counsel near the end of the government's case that it would be presenting the specific telephone records that it presented at trial. As the District Court noted, however, the government described its telephone call database to the defendants in January 2003 – a year before trial – giving Howard more than adequate notice that telephone records could be presented as evidence at trial.  Howard could have ordered the records at any time. We find that the telephone records were not "newly discovered evidence" because Howard was not diligent in obtaining them.[3] We therefore affirm the District Court's denial of Howard's Rule 33 motion.

## II.

Alternatively, Howard argues that his trial counsel was ineffective for failing to timely obtain his cellular records and present them at trial to rebut the government's telephone records evidence. Ineffective assistance claims should ordinarily be raised on collateral review rather than on direct appeal. United States v. Thornton, 327 F.3d 268, 271 (3d Cir. 2003); see also Massaro v. United States, 538 U.S. 500, 504-05 (2003). Howard's case does not fall within the narrow exception to this rule when "the record is

---

[3] Because we find that Howard did not allege facts from which diligence may be inferred, we need not consider whether Howard's phone records would have been helpful to his defense. We note, however, that Howard has not specifically pointed to any discrepancies between the government's records and his own, and has not explained why the records are missing for several relevant months.

sufficient to allow determination of ineffective assistance," so that "there is no need for further factual development." United States v. Headley, 923 F.2d 1079, 1083 (3d Cir.1991). We therefore deny Howard's ineffective assistance claim without prejudice to his right to raise it on collateral review.

## III.

Finally, Howard appeals his sentence, which was imposed prior to the Supreme Court's decision in Booker. At sentencing, the District Court made judicial findings of obstruction of justice and possession of a firearm under the Federal Sentencing Guidelines and enhanced Howard's sentence on this basis. The District Court also determined that Howard was accountable for larger amounts of cocaine and cocaine base than were found by the jury. These findings require this Court to remand for resentencing under Booker. See United States v. Davis, 407 F.3d 162, 164 (3d Cir. 2005) (en banc).

## IV.

For the foregoing reasons, we affirm Howard's conviction without prejudice to his right to raise his ineffective assistance claim on collateral review. We also vacate Howard's sentence and remand for resentencing in accordance with Booker.

———