

Villanova University School of Law Digital Repository

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-22-2006

# USA v. Singleton

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3359

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Singleton" (2006). *2006 Decisions.* Paper 1403.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1403

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

Nos. 04-3359, 04-3554

———

UNITED STATES OF AMERICA

v.

JERMAINE SINGLETON,

Appellan*t/*Cross-Appellee

———

ON APPEAL FROM FINAL JUDGMENT OF THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. No. 02-172-22)

District Judge: The Honorable Stewart Dalzell

———

Submitted pursuant to LAR 34.1(a)
on March 2, 2006.

Before: SLOVITER and FUENTES, Circuit Judges, and RESTANI, Judge[*]

(Filed:   March 22, 2006)
_____

OPINION OF THE COURT
_____

_____

[*] Honorable Jane A. Restani, Chief Judge of the United States Court of International
Trade, sitting by designation.

Fuentes, Circuit Judge.

Jermaine Singleton ("Singleton") appeals his conviction and sentence in a multi-defendant drug conspiracy case. He argues that there is insufficient evidence to support his conviction, and he challenges his sentence under United States v. Booker, 534 U.S. 220 (2005). For the reasons set forth below, we affirm his conviction but remand his sentence in light of Booker.

I.

As we write solely for the parties, our recitation of the facts will be limited to those necessary to our determination. Singleton was indicted, along with thirty-six co-defendants, in a 135-count third superseding indictment (the "Indictment") that charged him with conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846. The Indictment charged that the conspiracy involved more than five kilograms of cocaine and more than fifty grams of cocaine base.

During trial, the Government offered testimony of alleged co-conspirators establishing that the quantity of drugs sold exceeded more than five kilograms of cocaine and more than fifty grams of cocaine base. For example, Government witness John Mingia testified that he sold more than $4000 to $8000 worth of cocaine base in a single twelve-hour shift, which, at an average price of $100 per gram, amounted to 40-80 grams of cocaine base on an average day. (Appendix ("App.") at 228.) Government witness Jamal Morris testified that, during 2000, Courtney Carter, the head of the conspiracy, supplied Singleton with an average of one kilogram of cocaine per week (App. at 33.)

2

Morris testified that, by 2002, Carter supplied Singleton with between half a kilogram and a kilogram of cocaine one to four times each week. (App. at 57-58.) Alleged co-conspirators testified at length about the intricacies of the drug operations, testimony which was corroborated by the results of long-term police surveillance and seizures of cocaine, cocaine base, cash, drug paraphernalia, and tally sheets from co-conspirators and Singleton. (App. at 153-55, 171-78, 203-06, 251-55, 285, 294, 370-76.)

Following trial, the jury convicted Singleton of conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846. The jury's findings as to the quantities of drugs involved in the conspiracy only pertained to the threshold quantities cited in the indictment that affected the statutory maximum penalty: namely that the conspiracy involved more than five kilograms of cocaine and more than fifty grams of cocaine base. The jury found beyond a reasonable doubt that the amount of drugs involved in the conspiracy exceeded these quantities.

At sentencing, the District Court concluded that, applying Blakely v. Washington, 542 U.S. 296 (2004), the District Court could not base Singleton's sentence on any findings of fact that were not pleaded in the indictment and found by the jury beyond a reasonable doubt. Because the jury had only found, beyond a reasonable doubt, the threshold quantities of cocaine and cocaine base cited in the Indictment, these were the only quantities that the District Court considered when calculating Singleton's sentence. Applying this logic to the United States Sentencing Guidelines (the "Sentencing Guidelines"), the District Court calculated Singleton's Sentencing Guideline

3

imprisonment range to be 168-210 months, rather than the 360 months to life imprisonment recommended in the pre-sentence report. (App. at 467-71.) The District Court sentenced Singleton to 205 months imprisonment. (Id. at 474.) In response to the Government's request that the District Court state what its alternative sentence would be were the Sentencing Guidelines subsequently held to be unconstitutional by the Supreme Court, the District Court stated, "I just don't know. I just don't know. I would have to think further and hear more argument. But, it would certainly be a substantial sentence, no question about that. I would think it would be north of the 205 months . . . ." (Id. at 475.) The District Court ultimately declined to provide an alternative sentence stating that it could not answer "such a hypothetical question" at the time. (Id.)

## II.

Singleton challenges his conviction on the sole ground that there was insufficient evidence to sustain the jury's finding that the conspiracy involved more than five kilograms of cocaine and more than fifty grams of cocaine base. Pursuant to 21 U.S.C. § 841(b)(1)(A), a finding that the conspiracy involved either more than five kilograms of cocaine or more than fifty grams of cocaine base will increase the statutory maximum penalty for Singleton's conspiracy offense. Moreover, there is no need to prove that Singleton himself or any other single defendant was involved in the threshold quantity. United States v. Phillips, 349 F.3d 138, 142-43 (3d Cir. 2003).

In order to determine whether evidence is sufficient to support a conviction, "we must determine whether, viewing the evidence most favorably to the government, there is

4

substantial evidence to support the jury's guilty verdict." United States v. Wexler, 838 F.2d 88, 90 (3d Cir. 1988) (citing Glasser v. United States, 315 U.S. 60, 80 (1942)). The "strict principles of deference to a jury's findings" compel us "to draw all reasonable inferences . . . in the government's favor." United States v. Ashfield, 735 F.2d 101, 106 (3d Cir. 1984). We must sustain the verdict if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Voigt, 89 F.3d 1050, 1080 (3d Cir. 1996) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). A claim of insufficiency of the evidence therefore places "a very heavy burden" on Singleton. United States v. Gonzalez, 918 F.2d 1129, 1132 (3d Cir. 1990) (citation omitted).

Singleton has not met this burden. The jury's finding was supported by the testimony of numerous Government witnesses, who gave consistent and detailed testimony as to the amount of drugs being sold during the course of the conspiracy. For example, Morris's testimony provided evidence that Singleton alone handled an average of one kilogram of cocaine per week throughout 2000, and up to two to four kilograms per week throughout 2002. (App. at 33, 57-58.) Thus, according to this testimony, the threshold quantity for cocaine would have been met over the course of a few weeks in a multi-year conspiracy. Moreover, Government witness John Mingia's testimony indicated that he, Mingia, sold 40-80 grams of cocaine base on an average day, meaning that the threshold quantity of cocaine base would have been met in the course of one or two days. (App at 228.) Given this testimony, the jury's finding that the threshold

5

quantities had been met was clearly not unreasonable.

Singleton argues that the jury's reliance on the testimony of co-conspirators was unreasonable because such witnesses are inherently not credible. We believe, however, that it is not proper on appeal that we "re-weigh the evidence presented at trial or reassess the credibility of the witnesses." United States v. Al Hedaithy, 392 F.3d 580, 605 (3d Cir. 2004) (citing Glasser v. United States, 315 U.S. 60, 80 (1942)). We must "presume that the jury properly evaluated [the] credibility of the witnesses, found the facts, and drew rational inferences." United States v. Iafelice, 978 F.2d 92, 94 (3d Cir. 1992) (citing United States v. Coleman, 811 F.2d 804, 807 (3d Cir. 1987)).

Because a rational juror could find that the quantity of drugs in the conspiracy exceeded five kilograms of cocaine or fifty grams of cocaine base, we affirm the conviction.

## III.

Singleton and the Government both argue that this case should be remanded for resentencing consistent with Booker. We agree. Because we cannot determine what sentence a District Court would have imposed had the Sentencing Guidelines been considered advisory rather than mandatory, we vacate the sentence and remand for re-sentencing in accordance with Booker. See generally, United States v. Davis, 407 F.3d 162 (3d Cir. 2005).

## IV.

For the reasons stated above, we affirm the conviction, and we vacate the sentence

and remand for resentencing pursuant to <u>Booker</u>.