

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-14-2009

# USA v. Howard

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2428

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Howard" (2009). *2009 Decisions.* Paper 1549.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1549

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 06-2428/ 06-2534
_____

UNITED STATES OF AMERICA

v.

ABDUL HOWARD,
a/k/a
RODNEY BELL,
a/k/a
SALEEM RACKMAN,
a/k/a,
ADBUL TALLEY,

Adbul Howard,
        Appellant in 06-2428
_____

UNITED STATES OF AMERICA

v.

JERMAINE SINGLETON,
a/k/a
BRIAN DAVID,
a/k/a
JAB

Jermaine Singleton,
        Appellant in 06-2534

1

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 02-cr-00172)
District Judge: Honorable Stewart Dalzell

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 9, 2009

Before: FUENTES, CHAGARES and ALDISERT, Circuit Judges.

(Opinion Filed:  April 14, 2009)

OPINION OF THE COURT

FUENTES, Circuit Judge:

Jermaine Singleton ("Singleton") and Abdul Howard ("Howard") were convicted of participation in a widespread conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846.  Both appealed and we remanded for resentencing based on United States v. Booker, 543 U.S. 220 (2005).  See United States v. Singleton, 173 F. App'x 141, 142 (3d Cir. 2006); United States v. Howard, 174 F. App'x 48, 49 (3d Cir. 2006).  Following remand, both received sentences that were substantially greater than the defendants' pre-Booker sentences.  Singleton and Howard appeal again, now arguing primarily that their new sentences are unreasonable.  Howard also argues that his new sentence was imposed to punish him for exercising his appellate rights.  For the reasons set forth below, we affirm.

2

## I.

As we write solely for the parties, who are familiar with the facts, we will only recite those facts necessary to our determination. Howard and Singleton were among 36 co-defendants convicted of participation in a cocaine distribution conspiracy under Courtney Carter. Howard was a "corner boss" who managed retail distribution at a particular location. Singleton was a wholesale distributor who obtained cocaine from Carter and provided it to corner bosses.

### A.

Howard was originally sentenced in April 2004. He was one of the first members of the Carter conspiracy to be sentenced. At both of Howard's sentencing hearings, the District Court found that Howard was responsible for distributing substantially more than 1.5 kilograms of cocaine base. The District Court also found that Howard was responsible for witness intimidation and possession of a firearm in connection with the underlying offense. Thus, the District Court concluded that Howard's Guidelines range was 360 months to life imprisonment.

In April 2004, the District Court sentenced Howard to 360 months incarceration. At that time, Judge Dalzell noted his concern about Howard's "highly unpleasant attraction to firearms," but acknowledged that there was no evidence that he had killed anyone. Judge Dalzell concluded that a 360-month sentence seemed "sufficiently long to help assure that the banks of this defendant's aggression will subside by the time he

3

returns to civil society."

Howard was resentenced two years later in April 2006. At Howard's resentencing, the District Court discussed the factors at 18 U.S.C. § 3553(a). Judge Dalzell noted "the seriousness of [Howard's] offense, and the powerful need to protect the public from further crimes at his hands" and expressed concern about Howard's "twin attraction to drug-trafficking and firearms antedat[ing] the offense here." The District Court also acknowledged that a number of Howard's co-conspirators had been sentenced to terms of imprisonment greater than 360 months since Howard's original sentencing and noted the need to "avoid unwarranted sentencing disparities."

The District Court also found that Howard was in the "upper-echelon of the Carter organization," and that his sentence should "be commensurate with those of defendants such as Jermaine Singleton and Malik Williams." While Singleton was higher placed within the conspiracy, he was not linked to firearms and made more significant efforts at rehabilitation. Malik Williams was another corner boss, who—like Howard—was involved in a shooting. As set forth below, Singleton received a sentence of 400 months. Williams received a 420-month pre-Booker sentence and waived re-sentencing. The District Court ultimately sentenced Howard to 420 months' incarceration.

B.

Singleton's first sentencing hearing was held in August 2004, at a time when there was much uncertainty about the effects of Blakely v. Washington, 542 U.S. 296 (2004) on

the federal sentencing system. Because of that uncertainty, the District Court erroneously found that it could only sentence Singleton based on the facts found by a jury beyond a reasonable doubt. As a result, the District Court concluded that Singleton's Guidelines range was 168-210 months, and sentenced Singleton to 205 months imprisonment. However, the District Court noted that the quantities of drugs attributable to Singleton probably warranted a higher sentence under a different sentencing regime.

After our remand, the District Court found that Singleton distributed over a metric ton (1000 kilograms) of cocaine during the course of the conspiracy. Thus, the District Court found that the applicable Guidelines range was 360 months to life imprisonment.

In determining an appropriate sentence for Singleton, the District Court analyzed the factors under 18 U.S.C. § 3553(a). In particular, the District Court noted that Singleton was a "senior wholesaler" within a "violent and gigantic drug conspiracy." The District Court underscored that "[t]he societal harm associated with the distribution of such a prodigious quantity is incalculable." The Court noted that other members of the conspiracy had received life sentences. The District Court also discussed Singleton's lengthy criminal history, and the low probability that he would change his lifestyle, but acknowledged that Singleton was taking steps towards rehabilitation and that he was not personally involved in violent activity. In the end, the District Court gave Singleton a Guidelines range sentence of 400 months' imprisonment.

II.

Howard argues that the District Court erred in failing to properly apply 18 U.S.C. §

5

3553(a) and in giving him a vindictive sentence.[1] Howard maintains that the District Court erred in attempting to minimize disparity between his sentence and those of his co-defendants; in determining that Howard's sentence should be similar to those of Singleton and Williams; and in giving sentencing disparity too much weight at Howard's resentencing.

"Where appropriate to the circumstances of a given case, a sentencing court may reasonably consider sentencing disparity of co-defendants in its application of those factors." United States v. Parker, 462 F.3d 273, 278 (3d Cir. 2006). We conclude that the District Court did not abuse its discretion in considering the sentences received by Howard's co-defendants. Further, despite the distinctions Howard points to, we find no error in the District Court's determination that Howard, Singleton, and Williams were comparably culpable. In addition, we find that Howard's ultimate Guidelines range sentence of 420 months' incarceration was reasonable and not an abuse of discretion.

As to Howard's argument concerning vindictiveness, he maintains that the increase in his sentence and in Singleton's suggests that the District Court increased their sentences to punish those defendants who exercised their appellate rights. "[W]henever a judge imposes a more severe sentence upon a defendant after [remand], the reasons for his doing so must affirmatively appear." Wasman v. United States, 468 U.S. 559, 564-65

---

[1] We review findings of fact that support Guidelines calculations for clear error. See United States v. Kennedy, 554 F.3d 415, 418 (3d Cir. 2009). We review the ultimate sentence for reasonableness under an abuse of discretion standard. Gall v. United States, --- U.S. ----, 128 S. Ct. 586, 597-98 (2007).

(1984) (quoting <u>North Carolina v. Pearce</u>, 395 U.S. 711, 726 (1969), <u>overruled in part by</u> <u>Alabama v. Smith</u>, 490 U.S. 794 (1989)).

We find that the District Court's reasons for imposing a higher sentence on both Howard and Singleton are abundantly clear.[2] In Howard's case, the District Court adjusted Howard's sentence to avoid disparity with the sentences given to later-sentenced defendants, an appropriate consideration as discussed above. In Singleton's case, the District Court recalculated Singleton's sentence based upon a fundamentally different legal framework.

III.

Singleton argues that the District Court erred in (1) failing to articulate the applicable standard of proof; (2) treating the crack/powder disparity as binding; (3) failing to give meaningful consideration to the factors at 18 U.S.C. § 3553(a); and (4) failing to consider his argument about post-conviction rehabilitation. The record belies these arguments.

First, Singleton failed to raise his arguments concerning the standard of proof at his resentencing hearing. Accordingly, this issue will be reviewed for plain error. <u>See</u> Fed. R. Crim. P. 52(b). We find no indication that the District Court misapprehended the applicable standard of proof, or that it made any errors in its factual findings. Although

---

[2] Although Singleton did not brief this issue himself, he sought to adopt Howard's arguments; Howard argued that Singleton's resentencing also demonstrated vindictiveness.

Judge Dalzell did not state the standard of proof on the record, he explained that his drug quantity finding was based on evidence presented at the trials of Singleton and his co-defendants, and that he and several juries found that evidence credible. Defense counsel admitted that the Government's evidence was credible, and did not present any evidence refuting it. Accordingly, even if there was error, there would be no prejudice.[3]

Second, although Singleton argues that the District Court "appears to have treated the crack/powder disparity as effectively binding," there is no such indication in the record. Further, Singleton's sentence was not driven by the fact that his offense involved crack cocaine instead of just powder cocaine. On its own, the quantity of powder cocaine attributable to Singleton—more than 150 kilograms—reaches the top of the Guidelines Drug Quantity Table.

Finally, as set forth above, the District Court discussed the 18 U.S.C. § 3553(a) factors at length and considered the defendant's argument concerning post-conviction rehabilitation.

IV.

For the foregoing reasons, we will affirm the District Court's judgments of sentence.

---

[3] Further, Singleton's argument seems to be that the District Court's error was in finding facts "beyond all doubt." (See Singleton's Br. at 22.) There would be no prejudice to the defendant from applying this standard.

8