

Villanova University School of Law Digital Repository

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-27-2006

# USA v. Jenkins

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2145

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Jenkins" (2006). *2006 Decisions.* Paper 1709.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1709

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-2145

UNITED STATES OF AMERICA

v.

DENNIS JENKINS,
                                            Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D.C. Crim. 00-cr-00419-4
District Judge:  The Honorable Eduardo C. Robreno

Submitted Under Third Circuit LAR 34.1(a)
January 10, 2006

Before: BARRY and AMBRO, <u>Circuit Judges</u>, and DEBEVOISE,[*] <u>District Judge</u>

(Opinion Filed: January 27, 2006)

OPINION

---

[*]The Honorable Dickinson R. Debevoise, Senior District Judge, United States District Court for the District of New Jersey, sitting by designation.

BARRY, <u>Circuit Judge</u>

Appellant Dennis Jenkins was convicted of conspiracy to distribute cocaine base ("crack"), distributing cocaine base, and distributing cocaine base within 1000 feet of a public housing facility. At sentencing, the District Court found, by a preponderance of the evidence, that Jenkins was personally responsible for distributing over fifty grams of cocaine base, resulting in a base offense level of 32, that was increased to 34 to account for the distribution within 1000 feet of a public housing facility. The total offense level of 34, together with Jenkins' criminal history category of VI, resulted in a Sentencing Guidelines imprisonment range of 262-327 months. He was sentenced to 262 months.[1]

Jenkins challenges his sentence under *United States v. Booker*, 543 U.S. 220 (2005) (holding that mandatory enhancement of a maximum sentence under the sentencing guidelines based on facts neither admitted by the defendant nor found by a jury violates the Sixth Amendment). Specifically, Jenkins asserts that his Sixth Amendment rights were violated by the use of judicial fact finding to enhance his sentence based on the amount of drugs involved.

Jenkins was sentenced before the Supreme Court's decision in *Booker*. In *United*

---

[1] Jenkins had initially been sentenced to 240 months imprisonment on the conviction for distribution of cocaine base, 262 months imprisonment on the conspiracy conviction, and 262 months imprisonment on the conviction for distribution near a public housing facility, all terms to run concurrently. Following a successful appeal of his conspiracy conviction, *see United States v. Phillips*, 349 F.3d 138 (3d Cir. 2003), Jenkins was resentenced by the District Court, which reimposed the 262 month sentence.

*States v. Davis*, 407 F.3d 162 (3d Cir. 2005) (*en banc*), we adopted a general policy of vacating sentences entered pursuant to pre-*Booker* law. *See id.* at 165. We noted that "we would be usurping the discretionary power granted to the district courts by *Booker* if we were to assume that the district court would have given [defendant] the same sentence post-*Booker*." *Id.* (quoting *United States v. Oliver*, 397 F.3d 369, 380 n.3 (6th Cir. 2005)) modifications in original). Accordingly, although we will affirm Jenkins' conviction, we will vacate his sentence and remand for resentencing in accordance with *Booker*.