

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-29-2008

# USA v. Jenkins

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2872

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Jenkins" (2008). *2008 Decisions.* Paper 474.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/474

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2872

UNITED STATES OF AMERICA

v.

DENNIS JENKINS,
                              Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 00-cr-00419-4)
District Judge:  The Honorable Eduardo C. Robreno

Submitted Under Third Circuit LAR 34.1(a)
September 22, 2008

Before: BARRY, AMBRO and GARTH, Circuit Judges

(Opinion Filed: September 29, 2008)

OPINION

BARRY, Circuit Judge

Dennis Jenkins appeals the District Court's judgment of sentence.  His counsel

filed a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386

U.S. 738 (1967). We will affirm the judgment of sentence and grant counsel's motion to withdraw.

## I.

Because we write only for the parties, familiarity with the facts is presumed and we set forth only those facts that are relevant to our analysis.

Following a jury trial, Jenkins was convicted on one count of conspiracy to distribute cocaine base ("crack"), one count of distributing crack, and one count of distributing crack within 1000 feet of a public housing facility. The District Court found, by a preponderance of the evidence, that he was personally responsible for the distribution of over fifty grams of crack, resulting in a Sentencing Guidelines range of 262 to 327 months. The Court sentenced him to 262 months' imprisonment,[1] and Jenkins appealed. We vacated his conviction on the conspiracy count, affirmed as to the remaining counts, and remanded for resentencing. *United States v. Phillips*, 349 F.3d 138, 143-44 (3d Cir. 2003).

On remand, following a hearing, the District Court reaffirmed its finding that Jenkins was personally responsible for distributing over fifty grams of crack, calculated the same Guidelines range of 262-327 months, and resentenced him to the same sentence,

---

[1] Jenkins was sentenced to 240 months' imprisonment on the conviction for distributing crack, 262 months' imprisonment on the conviction for conspiracy to distribute crack, and 262 months' imprisonment on the conviction for distributing crack within 1000 feet of a public housing facility, all terms to run concurrently.

2

262 months' imprisonment. Jenkins again appealed, and we again remanded, this time for resentencing in light of the Supreme Court's intervening decision in *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Jenkins*, 164 Fed. Appx. 259, 259-60 (3d Cir. 2006).

On remand, following another hearing, the District Court again reaffirmed its finding that Jenkins was personally responsible for distributing over fifty grams of crack, resulting in the same Guidelines range of 262-327 months. However, based on its consideration of the factors set forth in 18 U.S.C. § 3553(a), the Court exercised its discretion and sentenced Jenkins to 199 months' imprisonment. Jenkins filed a *pro se* notice of appeal, and, in response thereto, his counsel filed a motion to withdraw and an *Anders* brief indicating his belief that there are no nonfrivolous issues to be raised on appeal.[2]

## II.

Third Circuit Local Appellate Rule 109.2(a) permits counsel to "file a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738 (1967)," if, after careful review of the record, he or she believes "the appeal presents no issue of even arguable merit." Our "inquiry when counsel submits an *Anders* brief is thus twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an

---

[2] We note that Jenkins filed an untimely *pro se* brief in response to counsel's *Anders* brief. That brief, however, even if we were to consider it, fails to identify any nonfrivolous issues to be raised on appeal.

independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

## III.

In his *Anders* brief, Jenkins's counsel identifies a single potential issue for appeal – whether Jenkins's sentence is valid – but concludes that raising it would be frivolous. After *Booker*, a sentencing court must (1) calculate the Guidelines range as it would have done prior to *Booker*, (2) formally rule on the parties' motions, elect whether to grant a departure, and state how any such departure affects the Guidelines range calculation, and (3) exercise its discretion in selecting a reasonable sentence based on its consideration of the § 3553(a) factors. *United States v. Gunter*, 527 F.3d 282, 285 (3d Cir. 2008) (citation omitted).

We agree with counsel that the District Court faithfully followed these requirements. First, the Court properly calculated the appropriate Guidelines range. That range was based on the Court's finding that Jenkins was personally responsible for distributing more than fifty grams of crack. In making that finding, the Court considered evidence concerning the quantity of crack that was recovered by police, the quantity of crack that Jenkins periodically was given to distribute, and the period of time over which Jenkins was involved in distributing crack. The record amply supports the Court's finding that Jenkins was personally responsible for distributing more than fifty grams of crack. Thus, any argument that the Court erred in calculating the Guidelines range would

4

be frivolous.

Second, neither Jenkins nor the government moved for a formal departure, and the District Court did not grant a departure. Therefore, any argument that the Court failed to adhere to the second *Gunter* requirement would be frivolous.

Finally, the District Court properly exercised its discretion by giving "meaningful consideration" to the § 3553(a) factors. *Gunter*, 527 F.3d at 284 (citation omitted). In fact, based on its consideration of one such factor – the need to avoid unwarranted sentence disparities among similarly-situated defendants, *see* § 3553(a)(6) – the Court granted a sixty-three month downward variance, resulting in a sentence (199 months) well below the bottom of the applicable Guidelines range (262 months).

We are satisfied that counsel has "adequately fulfilled the rule's requirements," and based upon our "independent review of the record," we agree that there are no nonfrivolous issues to be raised on appeal. *Youla*, 241 F.3d at 300.

**IV.**

For the foregoing reasons, we will affirm the judgment of sentence and grant counsel's motion to withdraw.