NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-2721
_____

UNITED STATES OF AMERICA,

v.

DENNIS JENKINS,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 00-419-04)
District Judge: Honorable Eduardo C. Robreno

_____

Submitted Under Third Circuit LAR 34.1(a)
January 26, 2010

Before:   FUENTES, FISHER, *Circuit Judges*, and KANE,* *Chief District Judge*.

(Filed: April 14, 2010 )

_____

OPINION OF THE COURT

_____

_____

    *Honorable Yvette Kane, Chief Judge of the United States District Court for the
Middle District of Pennsylvania, sitting by designation.

KANE, *Chief District Judge*.

Defendant Dennis Jenkins appeals the District Court's May 22, 2009, order denying his motion pursuant to 18 U.S.C. § 3582(c)(2) for modification of his sentence in light of retroactive amendments to the crack cocaine Sentencing Guidelines. We will affirm.

I.    BACKGROUND

On December 20, 2000, following a jury trial, Jenkins was convicted of: (1) conspiracy to distribute cocaine base ("crack cocaine"), in violation of 21 U.S.C. § 846; (2) distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1); and (3) distribution of crack cocaine within 1,000 feet of a public housing facility, in violation of 21 U.S.C. § 860. On December 20, 2000, the District Court sentenced Jenkins to 262 months imprisonment on these charges. Following an appeal, this Court vacated the conspiracy conviction and remanded the case to the District Court for resentencing on the remaining convictions. See United States v. Phillips, 349 F.3d 138, 143-44 (3d Cir. 2003). Because the reversal of the conspiracy conviction had no impact on the applicable sentencing range, the District Court again imposed a term of imprisonment of 262 months at a resentencing hearing held on April 14, 2004. Jenkins appealed his resentencing, and while that appeal was pending, the Supreme Court issued its decision in United States v. Booker, 543 U.S. 220 (2005). Accordingly, this Court remanded the case to the District Court for resentencing in accordance with Booker. See United States v. Jenkins, 164 F.

App'x 259 (3d Cir. 2006). At the resentencing hearing held on May 18, 2006, the District Court, after consideration of Booker and the factors under 18 U.S.C. § 3553(a), varied from the applicable guideline range of 262 to 327 months and sentenced Jenkins to 199 months imprisonment. The District Court noted in particular that it would partially reduce the sentence to minimize sentencing disparity between Jenkins and his similarly situated co-defendant Otto Barbour, who had previously received a sentence of 187 months. Jenkins appealed, but his sentence was affirmed by this Court on October 22, 2008. Thereafter, Jenkins filed his motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), which is the subject of the current appeal.

## II.  DISCUSSION[1]

On November 1, 2007, the United States Sentencing Commission passed Amendment 706, which generally lowered the applicable base offense levels applicable to crack cocaine offenses by two levels. See United States v. Doe, 564 F.3d 305, 308 (3d Cir. 2009). The Sentencing Commission made Amendment 706 retroactive on December 11, 2007, allowing crack cocaine defendants sentenced prior to the effective date of Amendment 706 to take advantage of the two-level reduction. Id. However, these defendants must seek relief under 18 U.S.C. § 3582(c)(2), which provides an exception to

---

[1] The District Court had jurisdiction to review the motion for modification of sentence under 18 U.S.C. §§ 3231 and 3582. We have appellate jurisdiction under 28 U.S.C. § 1291.

the general rule that courts may not modify a term of imprisonment once it has been imposed:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The Sentencing Commission's applicable policy statement implementing retroactive sentence reductions is U.S.S.G. § 1B1.10 and, pursuant to the statute, it is binding in the context of § 3582(c)(2) proceedings. See Doe, 564 F.3d at 313-14. Even if a defendant is eligible to seek a sentence modification under § 3582(c)(2) and § 1B1.10, the District Court retains discretion to determine whether a reduction is warranted. United States v. Styer, 573 F.3d 151, 153 (3d Cir. 2009). In exercising this discretion, the court is to consider the applicable § 3553(a) factors and also "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment . . . ." 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10, cmt. n. 1(B)(ii). Courts may also consider post-conviction conduct. U.S.S.G. § 1B1.10, cmt. n. 1(B)(iii); see also Styer, 573 F.3d at 154 n.4. Additionally, § 1B1.10(b) restricts courts from reducing a sentence below the bottom of the amended guideline range except in limited circumstances:

4

> If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and United States v. Booker, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.

U.S.S.G. § 1B1.10(b)(2)(B).

In this case, the District Court found that Jenkins was eligible to seek relief under § 3582(c)(2) and calculated his amended sentencing range as 210 to 262 months imprisonment. Accordingly, Jenkins' currently imposed 199 month sentence falls below the amended range even after application of Amendment 706. The District Court denied the motion after reviewing the record because: "(1) [Jenkins] is not entitled to a reduction since his sentence constituted a non-guideline sentence under 18 U.S.C. § 3553(a) and United States v. Booker; (2) his violent past and the danger he poses to the community; and (3) an unwarranted sentencing disparity with co-defendant Otto Barbour would result." (App. at 4.) Because the ultimate determination as to whether a reduction is warranted is committed to the discretion of the District Court, we apply an abuse of discretion standard. Styer, 573 F.3d at 153.

Jenkins raises issue with each of the District Court's reasons for denying the sentencing reduction. He contends that the District Court held that it was "directed" to deny the reduction by the second clause of U.S.S.G. § 1B1.10(b)(2)(B) and that this

5

determination was an abuse of discretion. We reject this contention. The District Court noted that it had varied from the applicable guidelines in imposing Jenkins' 199 month sentence based on application of the § 3553(a) factors and Booker. Under such circumstances, U.S.S.G. § 1B1.10(b)(2)(B) provides that "a further reduction generally would not be appropriate." While acknowledging that this provision left it with discretion to further reduce Jenkins' sentence after consideration of the § 3553(a) factors and applicable policy statements, the District Court specifically found that circumstances were not present to warrant a further reduction. (App. at 12.) This determination was not an abuse of discretion.

Jenkins also challenges the District Court's determination that the requested sentencing reduction would produce an unwarranted sentencing disparity with co-defendant Otto Barbour. Jenkins argues that this determination was an abuse of discretion because Barbour has not yet sought a sentence reduction pursuant to Amendment 706. As discussed above, the District Court is required to consider the § 3553(a) factors in determining whether to grant a sentencing reduction, including the need to avoid unwarranted sentence disparities among defendants with similar history and conduct. 18 U.S.C. § 3553(a)(6). While this Court has previously found that "Congress's primary goal in enacting § 3553(a)(6) was to promote national uniformity in sentencing rather than uniformity among co-defendants in the same case," district courts are not prohibited from considering sentencing disparities among co-defendants. United States v.

6

Parker, 462 F.3d 273, 277 (3d Cir. 2006). Rather, "[w]here appropriate to the circumstances of a given case, a sentencing court may reasonably consider sentencing disparity of co-defendants in its application of [the § 3553(a)] factors." Id. at 277-78.

In this case, the District Court noted that it had found Barbour and Jenkins to be similar for purposes of § 3553(a)(6) and utilized that consideration for its overall balancing of the § 3553(a) factors in imposing Jenkins' 199 month sentence. The District Court therefore revisited this consideration and determined, after reviewing their conduct and background, that granting the requested reduction would disturb this balance and undermine a key rationale for its earlier sentencing determination. Though awkward under these circumstances (where Barbour may yet move for his own reduction), we cannot find, considering the District Court's overall review of the circumstances actually before it, that this determination was an abuse of discretion.

Finally, Jenkins argues that the District Court placed undue reliance on his criminal history and post-conviction disciplinary conduct while failing to give proper weight to mitigating factors. We disagree. As discussed above, courts assessing the propriety of a sentencing reduction are directed to consider danger to the community that may result from a reduction and may also consider a defendant's post-conviction conduct. Contrary to Jenkins' assertions, the District Court's memorandum opinion shows careful consideration of these factors in assessing the requested sentencing reduction, including a

7

significant review of approaches taken by other courts in assessing this conduct. The District Court's consideration of these factors was therefore not an abuse of discretion.

## III.    CONCLUSION

Because the District Court correctly applied the Sentencing Guidelines and did not abuse its discretion in denying Jenkins' motion, we will affirm its order.