

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-12-2003

# USA v. Phillips

Precedential or Non-Precedential: Precedential

Docket No. 01-3515

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Phillips" (2003). *2003 Decisions.* Paper 85.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/85

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed November 12, 2003

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-3515

_____

UNITED STATES OF AMERICA

v.

JAMES PHILLIPS,
            Appellant

_____

No. 01-3523

_____

UNITED STATES OF AMERICA

v.

OTTO BARBOUR,
            Appellant

_____

No. 01-3823

_____

UNITED STATES OF AMERICA

v.

DENNIS JENKINS,
            Appellant

No. 02-1500

UNITED STATES OF AMERICA

v.

JEFFREY JOHNSON,
Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Criminal Nos. 00-cr-00419-8, 00-cr-00419-7,
00-cr-00419-4, 00-cr-00419-3)
District Judge: The Honorable Eduardo C. Robreno

Argued: September 11, 2003

Before: ALITO, BARRY, and AMBRO, *Circuit Judges*

(Opinion Filed November 12, 2003)

Christopher G. Furlong, Esq.
22 East Third Street
Media, PA 19063

*Attorney for Appellant James Phillips*

Mark S. Greenberg, Esq.
LaCheen, Dixon, Wittels &
 Greenberg
1515 Locust Street, Suite 900
Philadelphia, PA 19102

*Attorney for Appellant Otto Barbour*

Del Atwell, Esq.
P.O. Box 2516
Montauk, NY 11954

*Attorney for Appellant Dennis Jenkins*

Jerry S. Goldman, Esq. (Argued)
Jerry S. Goldman & Associates
1601 Market Street, Suite 2330
Philadelphia, PA 19103

*Attorney for Appellant Jeffrey Johnson*

Robert A. Zauzmer, Esq. (Argued)
Frank R. Costello, Jr., Esq.
Office of the United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106

*Attorneys for Appellee*

---

## OPINION OF THE COURT

BARRY, *Circuit Judge*:

On July 18, 2000, appellants James Phillips, Jeffrey Johnson, Dennis Jenkins, and Otto Barbour were indicted for conspiracy to distribute over 50 grams of cocaine base — hereinafter "crack" or "crack cocaine"; distribution of crack cocaine; and distribution of crack cocaine within 1,000 feet of a public housing project, in violation of 21 U.S.C. §§ 841, 846 & 860. The government subsequently dismissed the substantive counts against Johnson. On December 20, 2000, following a jury trial in the United States District Court for the Eastern District of Pennsylvania, appellants were convicted on all remaining counts.[1] The jury also returned a supplemental verdict

---

1. Specifically, Phillips, Jenkins and Barbour were convicted of conspiracy to distribute more than 50 grams of crack, in violation of 21 U.S.C. § 846; distribution of crack, in violation of 21 U.S.C. § 841; and distribution of crack within 1,000 feet of a public housing project, in violation of 21 U.S.C. § 860. Johnson was convicted only on the conspiracy count.

finding that the conspiracy involved 50 or more grams of crack cocaine.

The District Court granted Barbour's post-trial motion for a judgment of acquittal on the conspiracy count, and denied all other post-trial motions. As relevant here, Phillips and Johnson were sentenced to 360-month terms of imprisonment, Barbour to 235 months, and Jenkins to 262 months. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We will affirm in part and reverse in part, remanding for reconsideration of the sentence imposed on Jenkins.

## I.

The primary issue before us is whether, pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), a jury in a multi-defendant drug conspiracy case must determine the amount of drugs attributable to each defendant, or only the amount involved in the conspiracy as a whole. This issue, one of first impression for us, is an issue over which we exercise plenary review. *United States v. Barbosa*, 271 F.3d 438, 452 (3d Cir. 2001).

The District Court denied the requests of Phillips and Johnson for a determination by the jury of the quantity of crack attributable to each of them individually. Instead, the Court instructed the jury to decide, beyond a reasonable doubt, only the amount of crack involved in the conspiracy itself. The jury found, beyond a reasonable doubt, that the amount of crack attributable to the conspiracy was 50 or more grams, an amount which triggered the statutory maximum of life imprisonment under 21 U.S.C. § 841(b)(1)(A).[2]

---

2. 21 U.S.C. § 841(b) delineates different penalty provisions based on drug quantity, drug type, whether serious bodily injury resulted from the crime, and whether the defendant has a prior felony drug conviction. Defendants responsible for an unspecified amount of crack face a maximum sentence of twenty years under § 841(b)(1)(C), or thirty years with a prior drug conviction; defendants responsible for five or more grams of crack face a five to forty year sentence under § 841(b)(1)(B), or ten years to life with a prior drug conviction; and defendants, as here, responsible for at least fifty grams of crack face ten years to life under § 841(b)(1)(A), or twenty years to life with a prior drug conviction.

Phillips and Johnson argue on appeal that *Apprendi* was violated because the District Court asked the jury to decide only the quantity involved in the conspiracy and not the quantity attributable to each of them individually. The government, in response, contends that there was no *Apprendi* violation. We agree with the government.[3]

In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. There can be no dispute that *Apprendi* recognized a new constitutional right, and dramatically changed what had gone before in terms of federal sentencing law and procedure. Neither can it be disputed that, post-*Apprendi*, district courts and courts of appeals have struggled with the various permutations and combinations in which *Apprendi* is, or can be, or is not, implicated. It is clear, however, that while, after *Apprendi*, drug type and quantity remain sentencing issues, both the burden of proof and the fact-finder have changed. Consistent with *Apprendi*, therefore, we held in *United States v. Vazquez*, 271 F.3d 93, 98 (3d Cir. 2001), and our sister courts of appeals have held, that an *Apprendi* violation occurs if drug type and quantity are not found by a jury beyond a reasonable doubt and the defendant's

---

3. We also agree with the government that *Apprendi* was not implicated in this case by virtue of any interplay between *Apprendi* and the calculations made under the career offender guideline, U.S.S.G. § 4B1.1. Phillips and Johnson argue that an *Apprendi* violation occurred because, as career offenders, the weight of the crack determined the statutory maximum penalty, which directly impacted on their sentences. It did not. As career offenders, Phillips' and Johnson's offense level was 37, their criminal history category was VI, and their guideline imprisonment range was 360 months to life imprisonment. Absent career offender status, the offense statutory maximum was also life imprisonment because the jury found that in excess of 50 grams of crack was involved. This case, then, is unlike *United States v. Gilliam*, 255 F.3d 428 (7th Cir. 2001), and *United States v. Saya*, 247 F.3d 929 (9th Cir. 2001), in which the calculations under § 4B1.1 implicated *Apprendi*, although in neither case did the sentence imposed "seriously affect[] the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 467 (1997) (internal quotations and citations omitted).

sentence exceeds the prescribed statutory maximum to which he or she is exposed under 21 U.S.C. § 841 by virtue of the jury's verdict. We have not yet had occasion to address the issue of whether *Apprendi* requires that a jury make a *defendant*-specific finding of drug type and quantity where there is a conspiracy. Other courts of appeals, however, have done so, and we do so now.

The First Circuit, in *Derman v. United States*, 298 F.3d 34 (1st Cir. 2002), *cert. denied*, 537 U.S. 1048 (2002), held that the government need only prove to the jury the facts necessary to increase the statutory sentencing maximum for the conspiracy as a whole, and not for each defendant. *Id.* at 43. The *Derman* Court relied on *Edwards v. United States*, 523 U.S. 511 (1998), in which the Supreme Court held, pre-*Apprendi*, that as long as the jury determines that a defendant participated in the conspiracy, and his or her sentence does not exceed the statutory maximum applicable to that conspiracy, the court may determine both the quantity and type of drugs attributable to the defendant and impose sentence accordingly. Finding that *Edwards* was not overruled by *Apprendi*, the First Circuit reconciled what *Edwards* had to say with what the Court in *Apprendi* later had to say:

> [T]he two decisions are easily harmonized: in a drug conspiracy case, the jury should determine the existence *vel non* of the conspiracy as well as any facts about the conspiracy that will increase the possible penalty for the crime of conviction beyond the default statutory maximum; and the judge should determine, at sentencing, the particulars regarding the involvement of each participant in the conspiracy. This means that once the jury has determined that the conspiracy involved a type and quantity of drugs sufficient to justify a sentence above the default statutory maximum and has found a particular defendant guilty of participation in the conspiracy, the judge lawfully may determine the drug quantity attributable to that defendant and sentence him accordingly (so long as the sentence falls within the statutory maximum made applicable by the jury's conspiracy-wide drug quantity determination).

*Derman*, 298 F.3d at 42-43 (citations and footnote omitted).

The Fifth and the Seventh Circuit Courts of Appeals agreed with the First Circuit, and held that *Apprendi* does not require a jury to make defendant-specific determinations of drug type and quantity in conspiracy cases. *See United States v. Turner*, 319 F.3d 716, 722-23 (5th Cir. 2003), *cert. denied*, 123 S.Ct. 1939 (2003); *United States v. Knight*, 342 F.3d 697, 710-11(7th Cir. 2003). The *Knight* Court also concluded that the *Derman* Court's analysis remained sound despite the Supreme Court's more recent decision in *Ring v. Arizona*, 536 U.S. 584 (2002). In *Ring*, the Supreme Court held that Arizona's capital sentencing scheme, which allowed the trial judge, by finding aggravating factors, to raise the maximum sentence authorized by the jury's verdict from life in prison to the death penalty, violated the defendant's Sixth Amendment right to a jury trial. *Id.* at 603-09. Consistent with *Apprendi*, the Supreme Court held that capital defendants, just as noncapital defendants, are entitled to a jury determination of any fact by which their statutory maximum punishment is increased, and proof of aggravating factors would be such a fact.

The *Knight* Court found the facts of *Ring* to be inapposite to those of drug conspiracy cases: in drug conspiracy cases, the jury, and not the judge, establishes the statutory maximum sentence by determining the existence of the conspiracy, defendants' participation in it, and the drug type and quantity attributable to the conspiracy as a whole. Once that ceiling was established, the judge may determine the drug quantity attributable to each defendant and sentence him or her accordingly. The judge's determination in this regard does not have the effect of increasing a defendant's exposure beyond the statutory maximum justified by the jury's verdict of guilt. *Knight*, 342 F.3d at 711. Thus, *Apprendi* is not violated as long as the judge sentences the defendant within the statutory maximum range after having determined the drug type and quantity attributable to that defendant. *Id.*

We find the analyses of *Derman*, *Turner*, and *Knight* persuasive.[4] In drug conspiracy cases, *Apprendi* requires

---

4. Phillips and Johnson cite *United States v. Banuelos*, 322 F.3d 700 (9th Cir. 2003), a readily distinguishable and, thus, not persuasive case,

the jury to find only the drug type and quantity element as to the conspiracy as a whole, and not the drug type and quantity attributable to each co-conspirator. The finding of drug quantity for purposes of determining the statutory maximum is, in other words, to be an offense-specific, not a defendant-specific, determination. The jury must find, beyond a reasonable doubt, the existence of a conspiracy, the defendant's involvement in it, and the requisite drug type and quantity involved in the conspiracy as a whole. Once the jury makes these findings, it is for the sentencing judge to determine by a preponderance of the evidence the drug quantity attributable to each defendant and sentence him or her accordingly, provided that the sentence does not exceed the applicable statutory maximum.

The jury convicted Phillips and Johnson of their participation in the conspiracy to distribute crack. The jury also found, beyond a reasonable doubt, that the amount of crack attributable to the conspiracy was 50 or more grams, which triggered the statutory maximum of life in prison. The District Court sentenced Phillips and Johnson to 360 months imprisonment, which is below the statutory maximum contemplated by law. There was no *Apprendi* violation here.

---

given the circumstances here. In *Banuelos*, the Ninth Circuit remanded for resentencing because, in sentencing the defendant following his guilty plea, the District Court's findings exposed him to a higher statutory maximum than he otherwise would have faced and, thus, it was a violation of *Apprendi* to determine the drug quantity attributable to him by clear and convincing evidence rather than beyond a reasonable doubt. *Id.* at 705. The *Banuelos* Court cited *United States v. Minore*, 292 F.3d 1109 (9th Cir. 2002), which held that if drug quantity exposes a defendant to a higher statutory maximum than he would otherwise receive, it is the functional equivalent of a critical element of the offense for Rule 11 purposes and the defendant must be informed that he is entitled to a jury determination of drug quantity beyond a reasonable doubt before his guilty plea can be accepted. *Banuelos*, 322 F.3d at 705 n.3. Without pausing to determine whether we agree with the Ninth Circuit, those cases are simply not this case. Most likely for that reason, the *Banuelos* Court did not cite the earlier-decided *Derman* or *Turner* cases.

## II.

Appellant Dennis Jenkins contends that there was insufficient evidence to support his conviction on Count 1, the conspiracy count. The government concedes this point. We agree and, thus, will vacate Jenkins' conviction on Count 1 and remand for reconsideration of the sentence imposed on him.

## III.

We have carefully considered all of the other issues raised by appellants, and find them to be without merit.[5] We will, therefore, affirm the judgments of conviction and sentence of Phillips, Barbour, and Johnson. With respect to Jenkins, we will affirm the judgments of conviction except as to Count 1, and will reverse his conviction on that Count. We will also vacate the sentence imposed on Jenkins and remand the matter to the District Court for reconsideration of that sentence.

A True Copy:
      Teste:

*Clerk of the United States Court of Appeals*
*for the Third Circuit*

---

5. Phillips argued that the District Court erred when it did not order a confidential informant identified and produced; when it denied his request for a Rule 29 dismissal; and when it failed to perform an *in camera* inspection of the personnel files of the arresting officers. Barbour argued that the District Court erred when it determined that he was responsible for in excess of 50 grams of crack. Jenkins argued that the District Court should have *sua sponte* ordered the appointment of a psychiatrist and a competency hearing prior to sentencing. Finally, Johnson argued that the District Court erred when it failed to grant a new trial based on (1) a constructive amendment to the indictment or an improper variance; (2) newly discovered evidence; and (3) a *Brady* violation; and erred in its computation of the quantity of drugs attributable to him.