

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-18-2008

# USA v. Whitted

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3896

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Whitted" (2008). *2008 Decisions.* Paper 76.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/76

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3896

_____

UNITED STATES OF AMERICA

v.

JAMES WHITTED
a/k/a MOHAMED

James Whitted,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court  No.05-cr-00598-2
District Judge: The Honorable Michael M. Baylson

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 12, 2008

Before: MCKEE, SMITH, and ROTH, Circuit Judges

(Filed: December 18, 2008)

_____

OPINION

_____

SMITH, *Circuit Judge*.

A grand jury for the United States District Court for the Eastern District of

Pennsylvania returned an indictment in October of 2006, charging Michael Harris and James Whitted with, *inter alia,* conspiring to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846. A superceding indictment added charges of aiding and abetting three other offenses: (1) distributing cocaine in violation of 21 U.S.C. §§ 841(b) and 2; (2) the possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c) and 2; and (3) possession of a firearm by a convicted felon in violation 18 U.S.C. §§ 922(g) and 2. A jury found Whitted guilty of all four counts. The United States District Court for the Eastern District of Pennsylvania sentenced Whitted, *inter alia*, to 420 months of imprisonment.

This timely appeal followed.[1] To its credit, the Government concedes that there was an error in sentencing Whitted and requests remand for resentencing. Accordingly, we will affirm Whitted's conviction, but will vacate his sentence and remand for resentencing.

Whitted's counsel filed an appellate brief, challenging both the conviction and the legality of the sentence.[2] With regard to the former, counsel argued that the District Court erred: (1) in denying the motion to suppress physical evidence; and (2) by denying Whitted's motion for judgment of acquittal on the § 924(c) charge. In addition, at Whitted's behest, counsel briefed legal issues which Whitted has requested be raised.

---

[1]The District Court had jurisdiction under 18 U.S.C. § 3231. We exercise appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). *See United States v. Cooper*, 437 F.3d 324, 327–28 (3d Cir. 2006).

[2]Because we will grant the Government's motion to remand for resentencing, we do not address the merits of the legality of Whitted's sentence.

Our Local Appellate Rules permit the filing of a pro se brief by an appellant when his counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). *See* 3d Cir. L.A.R. 109.2(a). We do not otherwise entertain pro se briefs when a counseled brief has been filed. Accordingly, we reject counsel's attempt to present issues raised solely pro se within the counseled brief.[3]

According to Whitted, the District Court erred by denying his motion to suppress all physical evidence seized from Whitted's person, as the officers lacked probable cause for his warrantless arrest. Contrary to Federal Rule of Criminal Procedure 12(b)(3), Whitted did not first raise this issue in the District Court. At the hearing before the District Court, Whitted argued only that the warrant issued to search the hotel room lacked probable cause. App. 2544–47. The District Court's ruling on the motion considered only the question of probable cause for the search warrant, and concluded that probable cause existed. Because Rule 12(e) directs that "[a] party waives any Rule 12(b)(3) defense . . . not raised," and because Whitted did not challenge whether there was probable cause for his arrest prior to trial, we conclude that the issue is waived.[4] *See*

---

[3]After the briefing in this appeal was completed, Whitted's counsel filed a motion to withdraw, alleging that she had both a mandatory and a permissive basis for withdrawal. We will grant counsel's motion to withdraw, and relieve her of her obligation to represent Whitted on remand.

[4]Whitted tacitly acknowledges that the issue was not raised in his appellate brief, stating: "To the extent that his attorney failed to raise the issue of suppressing the physical evidence seized as direct result of Mr. Whitted's arrest, his attorney was ineffective as counsel as he could have had no reasonable basis for doing so." We will not address the merits of this ineffectiveness claim inasmuch as we have explained that our preference is to address ineffectiveness claims on collateral review, particularly when the record is insufficient. *United States v. Thornton*, 327 F.3d 268, 272 (3d Cir. 2003)

3

*United States v. Lockett*, 406 F.3d 207, 212 (3d Cir. 2005).

The District Court also erred, in Whitted's view, by denying his Rule 29 motion on the conviction of aiding and abetting the use of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. §§ 924(c) and 2. We "must sustain the verdict if there is substantial evidence, viewed in the light most favorable to the Government, to uphold the jury's decision." *Burks v. United States*, 437 U.S. 1, 16 (1978).

Whitted acknowledged the Government's reliance on *Pinkerton v. United States*, 328 U.S. 640 (1946), but asserted that *Pinkerton* did not apply because it was not reasonably foreseeable to him that Harris would use the firearm in furtherance of their conspiracy to distribute cocaine. Based on our review of the trial testimony, particularly that of Harris, we disagree. Harris explained that he had the firearm recovered from the hotel room because he had purchased cocaine that day. He testified that he regularly carried the firearm when purchasing cocaine, that Whitted knew that he generally was armed when they purchased cocaine, and that Whitted usually asked if Harris had his firearm with him. These facts are sufficient to allow a jury to find beyond a reasonable doubt that it was reasonably foreseeable to Whitted that Harris would use the firearm, as he did on the day of their arrest, in furtherance of a drug trafficking crime. *United States v. Casiano*, 113 F.3d 420, 427 (3d Cir. 1997). We reject Whitted's contention that the District Court erred by denying his Rule 29 motion on the § 924 conviction.

---

(citing *Massaro v. United States*, 538 U.S. 500 (2003)).

4

For the above stated reasons, we will affirm Whitted's conviction, but will vacate his sentence and will remand for resentencing.  In addition, we will grant the motion to withdraw filed by Whitted's counsel.