**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3308
_____

UNITED STATES OF AMERICA

v.

JAMES WHITTED
A/K/A Mohamed

JAMES WHITTED,
                    Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 05-cr-00598-002)
District Judge:  Honorable Michael M. Baylson
_____

Submitted Under Third Circuit LAR 34.1(a)
June 20, 2011
_____

Before: BARRY, AMBRO and COWEN, Circuit Judges

(Opinion Filed:  July 8, 2011)
_____

OPINION
_____

BARRY, Circuit Judge

James Whitted appeals a 180-month, mandatory minimum sentence imposed

following his conviction for various drug and firearm offenses, arguing that the District Court impermissibly used a fact not proven by the jury beyond a reasonable doubt to increase his maximum sentence. We will affirm.

## I. Background

Writing only for the parties, who are familiar with the extensive record in this case, we review only those facts that are especially pertinent to our analysis.

Whitted and twelve others were indicted in 2006 on twenty-one counts alleging drug and firearm offenses committed by the Harris Organization, a narcotics outfit that distributed some 200 kilograms of cocaine in Chester, Pennsylvania, and other locations over the course of nearly six years. He and one of his co-defendants proceeded to a jury trial, at which they were convicted on four counts, including conspiracy to distribute cocaine. The evidence overwhelmingly established Whitted's guilt, and we affirmed his conviction, but vacated his 420-month sentence because he had been erroneously classified as a career offender. We remanded for resentencing. *United States v. Whitted*, 304 F. App'x 52 (3d Cir. 2008).

On remand, the District Court imposed a 180-month sentence, comprised of a 120-month mandatory minimum for conspiracy to distribute five or more kilograms of cocaine, *see* 21 U.S.C. §§ 841(b)(1)(A) & 846, and a consecutive 60-month mandatory minimum for possession of a firearm in furtherance of drug trafficking, *see* 18 U.S.C. §

2

924(c)(1).[1]  Whitted now appeals that sentence, arguing that, in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the District Court, rather than the jury, determined that the quantity of drugs attributed to the conspiracy as a whole was personally attributable to him.  Arguing that imposing the mandatory minimum sentence triggered by that quantity was plain error, he seeks vacatur of his conviction and retrial, or resentencing yet again.[2]

## II.  Discussion

The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231.  We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

We review for clear error factual findings that are relevant to sentencing, such as the quantity of drugs involved in the offense.  *United States v. Yeung*, 241 F.3d 321, 322 (3d Cir. 2001).  "Although we generally review jury instructions for abuse of discretion, our review is plenary when the question is whether a district court's instructions misstated the law," and we have discretion to correct plain error, such as alleged here, where counsel did not preserve the issue in the trial proceedings.  *United States v. Dobson*, 419 F.3d 231, 236 (3d Cir. 2005) (internal alterations and quotations omitted) (citing *United States v. Olano*, 507 U.S. 725, 733-35 (1993)).

---

[1] Whitted also received 120-month sentences on two remaining counts, but because they were ordered to run concurrent with his 180-month sentence on the first two counts, his *effective* sentence was below his advisory guidelines range of 195 to 228 months, based on an offense level of 32 and a criminal history category of II.

[2] Whitted also argues that his sentence violates *Gall v. United States*, 552 U.S. 38 (2007), asserting that the District Court procedurally erred by improperly calculating his Guidelines range.  This claim largely reprises the substantive basis of his putative

As at sentencing, Whitted concedes only that the evidence at trial rightly attributed to him an eight-ounce bag of cocaine with his fingerprints on it recovered after his arrest. Relying on *United States v. Collins*, 415 F.3d 304 (4th Cir. 2005), he argues that the District Court erred by essentially directing the jury to impute *to him* responsibility for any and all cocaine attributed to the conspiracy as a whole, rather than instructing the jury "to make an individualized inquiry into the drugs attributable to [him]" personally. Appellant's Br. at 17; *see Apprendi*, 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). As we understand it, therefore, he presses as legal error what, at bottom, is a policy argument that a mandatory minimum effectively *functions* to "increase" a defendant's "maximum" sentencing exposure if it is triggered by facts that ostensibly faulty jury instructions may insufficiently bring to the jury's attention, yielding a Sixth Amendment violation.[3]

---

*Apprendi* claim, albeit under the different guise that attribution to him of the entire quantity erroneously triggered a higher offense level. The claim is without merit.

[3] While the practical functioning of mandatory minimum triggers in the context of a conspiracy – where it is not unusual for various co-conspirators to have more or less culpable roles – may, at first blush, create the *appearance* of an *Apprendi* factor-increasing-maximum-sentencing-exposure issue, assuming proper jury instruction or a proper plea colloquy, *Apprendi* is not implicated at all. *See, e.g.*, *United States v. Colon-Solis*, 354 F.3d 101-03 (1st Cir. 2004) (vacating a mandatory minimum sentence for an apparently minor player in a drug conspiracy where the plea colloquy was "conspicuous for its scantiness" and "did not allude in any way to specific drug weights" attributable to him, while observing that *Apprendi*-premised claims on similar facts "appear[] to have been considered and rejected in earlier decisions.").

As a threshold matter, the record in no way suggests that the quantity finding itself was clearly erroneous. *See Yeung*, 241 F.3d at 322. Moreover, Whitted confuses the relevance of evidence for a substantive offense, versus that for a conspiracy offense, which requires no completed act. Because "the essence of a conspiracy is an agreement to commit an unlawful act[, and t]hat agreement is a distinct evil, which may exist and be punished whether or not the substantive crime ensues," *United States v. Jimenez Recio*, 537 U.S. 270, 274 (2003) (internal quotation marks and citations omitted), Whitted's conspiracy conviction *in toto* was the predicate for the mandatory minimum. Because the record makes it abundantly clear that the jury was not improperly instructed, no crucial assessment of facts was impermissibly removed from its purview, nor can it be said that the District Court, on its own and also impermissibly, "increase[d] the prescribed range of penalties to which [he] [wa]s exposed" in violation of *Apprendi*, 530 U.S. at 490.[4]

Nor is the second aspect of Whitted's *Collins*-premised argument persuasive, i.e., concerning the need for a defendant-specific, foreseeable quantity determination by the

---

[4] The District Court noted, at Whitted's sentencing, that his "*Apprendi* argument" was unavailing because the jury was properly instructed. We agree: the Court instructed the jury at length about the burden of proof, explained the essentials of conspiracy law, and disaggregated the elements of conspiracy per se from the specific quantity determination. *See* Revised Appendix at 97-161. Whitted particularly objects to the instruction that the jury "consider all of the drugs which members of the conspiracy actually distributed and/or intended to distribute," *id.* at 136, but in so doing elides the basics of conspiracy law, not to mention the fact that, immediately prior, the Court instructed that the jury must decide "whether or not you unanimously agree by proof beyond a reasonable doubt that the quantity of cocaine in which defendant[] James Whitted . . . conspired to distribute was at least 5 kilograms or more." *Id.* It also explained, in response to questions from

5

jury (and/or of error under *Gall* premised on the Court's reliance, for sentencing, on a deficient factual finding).[5] Even aside from the fact that *Collins* does not bind us, we have expressly rejected, as a minority view inconsistent with *Apprendi*, requiring a further quantity-foreseeability analysis in drug conspiracies. *See United States v. Phillips*, 349 F.3d 138, 141-42 (3d Cir. 2003) (citing, with approval, First, Fifth, and Seventh Circuit cases), *vacated and remanded on other grounds sub nom. Barbour v. United States*, 543 U.S. 1102 (2005). Specifically, *Phillips* held that

> [i]n drug conspiracy cases, *Apprendi* requires the jury to find only the drug type and quantity element as to the conspiracy as a whole, and not the drug type and quantity attributable to each co-conspirator. The finding of drug quantity for purposes of determining the statutory maximum is, in other words, to be an offense-specific, not a defendant-specific, determination. The jury must find, beyond a reasonable doubt, the existence of a conspiracy, the defendant's involvement in it, and the requisite drug type and quantity involved in the conspiracy as a whole.

349 F.3d at 142-43. Accordingly, not only were the jury instructions here not defective, but our precedent suggests no reason to require under *Apprendi*, as Whitted would have us require, a defendant-specific determination of drug quantity for purposes of triggering a mandatory *minimum*, when we have concluded, per *Phillips*, that *Apprendi* does not

---

the jury, that the jury could "find any defendant guilty of conspiracy, but answer no as to the amount." *Id.* at 191.

[5] Whitted also, but unpersuasively, relies on a pre-*Apprendi* case of this Court, *United States v. Collado*, 975 F.2d 985, 992 (3d Cir. 1992), which held that, *for purposes of the Sentencing Guidelines* – which are not at issue here, given the mandatory minimum – "whether a particular defendant may be held accountable for amounts of drugs involved in transactions conducted by a co-conspirator depends upon the degree of the defendant's involvement in the conspiracy and, of course, reasonable foreseeability with respect to the conduct of others within the conspiracy."

require it for purposes of determining the applicability of a statutory *maximum*.

### III. Conclusion

Whitted's sentence is not inconsistent with *Apprendi* (1) given the overwhelming evidence, (2) our review of those jury instructions that were pertinent to weighing the evidence vis-à-vis the elements of the charged conspiracy, and (3) in light of *Phillips*. Finding Whitted's remaining arguments to be without merit, we will affirm the judgment of sentence.