**\*AMENDED BLD-323**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2337
_____

IN RE:  JEFFREY JOHNSON,
                                                                Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. No. 2-00-cr-00419-003)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 27, 2017

Before:  AMBRO, GREENAWAY, JR. and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 20, 2017)
_____

OPINION*
_____

PER CURIAM

    In December 2000, after a jury trial, Jeffrey Johnson was convicted of conspiracy

to distribute over 50 grams of cocaine base and to distribute cocaine base within 1000

feet of a public housing facility in Philadelphia, in violation of 21 U.S.C. § 846.  He was

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

sentenced to 360 months in prison. We affirmed his judgment, rejecting his claims of error, including the argument that the District Court should have granted a new trial based on evidence of a violation of Brady v. Maryland, 373 U.S. 83 (1963). See United States v. Phillips, 349 F.3d 138, 143 & n.5 (3d Cir. 2003). Most of Johnson's subsequent efforts to win relief have been unsuccessful,[1] including his renewed motion for a new trial based on additional alleged Brady violations and newly discovered evidence, which he filed after his appeal was decided. See United States v. Johnson, 380 F. Supp. 2d 660 (E.D. Pa. 2005).

Johnson now presents a petition for a writ of mandamus.[2] He contends that the actions of the District Judge and the prosecutor prevented him from establishing the criminal behavior of the officers who arrested him and the effect of their actions on his sentence. In making this argument, Johnson names the same officers he identified in his renewed motion for a new trial. He asserts that the prosecutor's violations of Brady, coupled with the District Judge's abuse of discretion in earlier proceedings, calls for mandamus relief. Additionally, he discusses how the criminal trial and the outcome of his direct appeal could have been different if he had the Brady material previously and if the District Judge had presided differently over his trial. In support of his mandamus petition, he includes his own affidavit and newspaper articles that mention the discovery,

----

[1] A more recent claim under Johnson v. United States, 135 S. Ct. 2551 (2015), has not yet been decided. See E.D. Pa. Crim. No. 2:00-cr-00419-003, ECF Nos. 780 & 786.

[2] Describing a problem in the prison where he is incarcerated, he also seeks relief from

2

by Johnson's counsel on appeal, of an FBI report about police corruption in Philadelphia. He also submits a motion for us to take "judicial notice" of our recent decision in <u>Haskell v. Superintendent Greene SCI</u>, No. 15-3427, --- F.3d ---, 2017 WL 3255290, at *1 (3d Cir. Aug. 1, 2017), asserting that it relates to his case.

Johnson asks us to compel the District Judge to "perform his duty" and to recuse. He also requests that the Assistant United States Attorney who was assigned to his criminal case be ordered to "comply with the law" regarding <u>Brady</u> material and to recuse from his case. Johnson further requests that we order a new determination of his criminal case with a new prosecutor and an impartial judge and without evidence provided by purportedly corrupt police officers.

We will deny the petition. Mandamus is an extraordinary remedy. <u>See</u> <u>Kerr v. U.S. Dist. Court</u>, 426 U.S. 394, 402 (1976). A petitioner must ordinarily have no other means to obtain the desired relief, and he must show a clear and indisputable right to issuance of the writ. <u>In re Sch. Asbestos Litig.</u>, 977 F.2d 764, 772 (3d Cir. 1992).

Johnson does not show a right to mandamus relief. Instead, he essentially seeks to challenge his criminal judgment or appeal earlier decisions in the criminal proceedings. He even wants a sort of "do-over" of his criminal case. However, mandamus is not a substitute for appeal. <u>See</u> <u>Cheney v. U.S. Dist. Court</u>, 542 U.S. 367, 380-81 (2004); <u>Madden v. Myers</u>, 102 F.3d 74, 79 (3d Cir. 1996).

---

the service requirements for his petition.

3

Johnson also does not show that he is entitled to an order compelling the District Judge's recusal.[3] A mandamus petition can be a proper means of challenging a district judge's refusal to recuse pursuant to 28 U.S.C. § 455. In re Kensington Int'l Ltd., 368 F.3d 289, 300-01 (3d Cir. 2004). With his petition, Johnson attempts to suggest that the District Judge's impartiality might reasonably be questioned. See 28 U.S.C. § 455(a). However, at base, Johnson's complaints are largely related to ordinary judicial decision making. Mere dissatisfaction with rulings does not warrant recusal. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal.").

For these reasons, we will deny Johnson's petition.[4]

---

[3] And there is no basis for us to order the Assistant United States Attorney to withdraw from the case.

[4] We grant the motion to be relieved from the service requirements and the motion to take "judicial notice" of Haskell. We have reviewed Haskell in our analysis of Johnson's request for mandamus relief.