NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3752
_____

UNITED STATES OF AMERICA

v.

JAMES WHITTED,
                              Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-05-cr-00598-002)
District Judge: Honorable Michael M. Baylson
_____

Argued: April 24, 2018

Before: AMBRO, SCIRICA, and SILER, JR.,[*] *Circuit Judges*

(Filed: May 18, 2018)

_____

OPINION[**]
_____

---

[*] Hon. Eugene E. Siler, Jr., United States Court of Appeals for the Sixth Circuit, sitting by designation.
[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Lisa B. Freeland, Esq.
Sarah E. Levin, Esq. [ARGUED]
Office of Federal Public Defender
1001 Liberty Avenue
1500 Liberty Center
Pittsburgh, PA 15222

*Counsel for Appellant*

Salvatore L. Astolfi, Esq.
Robert A. Zauzmer, Esq. [ARGUED]
Office of United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106

*Counsel for Appellee*

**SCIRICA**, *Circuit Judge*

James Whitted moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For the following reasons, we will affirm the District Court's denial of his motion.

## I.

James Whitted and twelve other individuals were charged with conspiracy to distribute five kilograms or more of cocaine. 21 U.S.C. § 846. Whitted was also charged with one count of possession with intent to distribute cocaine and aiding and abetting, 21 U.S.C. § 841; 18 U.S.C. § 2, one count of possession of a firearm in furtherance of a drug trafficking crime and aiding and abetting, 18 U.S.C. §§ 924(c); 2, and one count of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1), (2). Whitted was convicted on all counts at trial. He was sentenced to 420 months' imprisonment.

2

Whitted appealed his conviction and sentence. We affirmed his conviction but vacated his sentence because Whitted had been improperly classified as a career offender. *See United States v. Whitted*, 304 F. App'x 52, 54 (3d Cir. 2008). On remand, Whitted was resentenced to 180 months' imprisonment on August 3, 2009. He appealed this sentence, and we affirmed. *See United States v. Whitted*, 436 F. App'x 102, 105 (3d Cir. 2011).

On May 24, 2012, Whitted filed a *pro se* motion under 28 U.S.C. § 2255 raising numerous claims. The district court denied the motion, and we denied Whitted's request for a certificate of appealability. Whitted then filed a *pro se* motion for reconsideration under Federal Rule of Civil Procedure 60(b). The district court denied this motion and we denied his request for a certificate of appealability.

On April 8, 2014, Whitted filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the Northern District of Ohio, arguing that he was not guilty of the § 924(c) offense in light of *Rosemond v. United States*, 134 S. Ct. 1240 (2014). That court construed the petition as a second or successive motion under § 2255(h) and dismissed it. *See Whitted v. Coakley*, 2014 U.S. Dist. LEXIS 156697 (N.D. Ohio Nov. 5, 2014).

On March 2, 2015, Whitted filed another motion under § 2255 in the Eastern District of Pennsylvania, raising the same *Rosemond* claim at issue in his prior § 2241 petition. The District Court dismissed the motion as second or successive. Whitted filed a motion for reconsideration, asserting that his filing should not have been considered second or successive because he did not receive certain notice, as required by *United*

3

*States v. Miller*, 197 F.3d 644 (3d Cir. 1997), at the time he filed his original § 2255 motion. In *Miller*, we held that district courts should issue a form notice to § 2255 movants advising them, among other things, of the bar on second or successive petitions and the importance of raising all claims within the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations. *See id.* at 646.

The District Court denied the motion for reconsideration, reasoning Whitted did receive the notice required by *Miller*. Whitted filed an application for a certificate of appealability, which we granted as to four issues: (1) whether the court correctly determined that Whitted received notice under *Miller*; (2) whether he was entitled to *Miller* notice; (3) whether he is entitled to a new trial in light of *Rosemond*; and (4) whether *Rosemond* applies retroactively.

## II.[1]

Whitted is not entitled to a new trial under *Rosemond v. United States*, 134 S. Ct. 1240 (2014). *Rosemond* only involved the application of aiding and abetting liability under 18 U.S.C. § 924(c), which prohibits using or carrying a firearm "during and in relation to any crime of violence or a drug trafficking crime." Because Whitted was

---

[1] The trial court had jurisdiction under 28 U.S.C. § 2255. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2553(a). *See United States v. Davenport*, 775 F.3d 605, 608 n.4 (3d Cir. 2015). "We exercise plenary review over the District Court's legal conclusions and apply the clearly erroneous standard to its factual findings." *United States v. Ross*, 801 F.3d 374, 378 n.1 (3d Cir. 2015) (citation omitted).

convicted of a § 924(c) violation under a *Pinkerton* theory of conspiracy and *not* under an aiding and abetting theory, *Rosemond* is inapposite.[2]

**A.**

The government may seek a conviction for a substantive criminal offense by introducing evidence that a defendant directly committed the offense or by proceeding on a theory of vicarious liability under *Pinkerton* or aiding and abetting. In *Pinkerton v. United States*, 328 U.S. 640 (1946), "the Supreme Court held that the criminal act of one conspirator in furtherance of the conspiracy is attributable to the other conspirators for the purpose of holding them responsible for the substantive offense." *United States v. Lopez*, 271 F.3d 472, 480 (3d Cir. 2001) (internal quotation marks, citation, and brackets omitted). A defendant is liable for substantive offenses committed by co-conspirators under a *Pinkerton* theory if (1) the defendant is a party to a criminal conspiracy, (2) one or more co-conspirators committed the substantive offense in furtherance of the conspiracy, and (3) commission of the substantive offense was reasonably foreseeable. *See United States v. Ramos*, 147 F.3d 281, 286 (3d Cir. 1998).

In contrast, to be liable for aiding and abetting under federal law a defendant must "(1) take[ ] an affirmative act in furtherance of that offense, (2) with the intent of facilitating the offense's commission." *Rosemond*, 134 S. Ct. at 1245. The Supreme

---

[2]    Although we granted a certificate of appealability on the question of whether *Rosemond* applies retroactively, we need not decide this question because *Rosemond* is inapposite to our merits decision. And because Whitted's claim fails on the merits, we need not consider whether, under *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), he received notice or whether such notice is still required.

Court in *Rosemond* held that to establish the intent element of aiding and abetting under § 924(c), the government must prove that the aider-and-abettor had advance knowledge that a gun would be employed and decided thereafter to join or continue the underlying offense. *See id*. at 1250.

Both *Pinkerton* and aiding and abetting theories support convictions under § 924(c). *See, e.g.*, *United States v. Casiano*, 113 F.3d 420, 427 (3d Cir. 1997).

**B.**

Whitted was convicted of the substantive offense of 18 U.S.C. § 924(c) under a *Pinkerton* theory of liability. Accordingly, his argument that he is entitled to a new trial under *Rosemond*—which applies only to aiding and abetting liability—is inapposite.

Whitted was charged in the superseding indictment with conspiracy to distribute five kilograms or more of cocaine in addition to knowingly possessing, and aiding and abetting the possession of, a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). At trial, the government proceeded under both *Pinkerton* and aiding and abetting theories. Both parties agree, however, that the jury was instructed on *only* a *Pinkerton* theory for Count 17—the § 924(c) charge. And the jury convicted on this count.[3] Thus, there cannot be a *Rosemond* instructional error because there was never

---

[3]     At oral argument, Whitted's counsel suggested that the jury verdict form supported her argument that Whitted was convicted under an aiding and abetting theory. *See* Oral Argument at 2:58:42. But the verdict form only described the substantive charge—violating § 924(c). It did not ask nor did it reflect under which theory the jury convicted Whitted of violating § 924(c). This is not surprising because the jury was instructed only under a *Pinkerton* theory. Indeed, Whitted's opening brief acknowledges that the jury was *never* charged on an aiding and abetting theory for Count 17. *See* Appellant's Br. at 15 ("[T]he court did not separately instruct the jury as to aiding and

6

an aiding and abetting instruction given. Rather, Whitted was convicted of the substantive

offense of § 924(c) under *Pinkerton* liability.[4] We acknowledged this fact when we

---

abetting in connection with Count 17. Instead, it instructed the jury that Mr. Whitted is guilty of a violation of § 924(c) 'based upon the legal rule that each member of a conspiracy is responsible for crimes and other acts committed by other members of the conspiracy, and were reasonably foreseeable to James Whitted as a necessary or natural consequence of the agreement.'"). Accordingly, there was no need for the jury verdict form to be more specific.

Whitted's counsel also cited the judgment issued by the district court to support her argument that Whitted was convicted for violating § 924(c) under an aiding and abetting theory. *See* Oral Argument at 2:58:42. Counsel is correct that the judgment lists 18 U.S.C. § 2 (aiding and abetting) in addition to a conviction for the substantive offense under 18 U.S.C. 924(c) among the offenses of which Whitted was convicted. But in light of the record outlined above—the district judge gave only a *Pinkerton* instruction for § 924(c) and the jury convicted on that basis—we have no doubt that Whitted was properly convicted under *Pinkerton*—*not* aiding and abetting.

[4]   It is immaterial that Whitted was charged in the superseding indictment with violating § 924(c) under an aiding and abetting, but not *Pinkerton*, theory. Because *Pinkerton* and aiding and abetting are two alternative theories under which the government may prove a substantive criminal offense, *cf. Nye & Nissen v. United States*, 336 U.S. 613, 618–20 (1949), the government was entitled to proceed under both theories at trial. *See, e.g.*, *United States v. Rosalez*, 711 F.3d 1194, 1210 (10th Cir. 2013) ("[E]ven in the absence of evidence supporting an aiding and abetting conviction, persons indicted as aider and abettors may be convicted pursuant to a *Pinkerton* instruction." (quoting *United States v. Comeaux*, 955 F.2d 586, 591 (8th Cir. 1992)); *United States v. Vazquez-Castro*, 640 F.3d 19, 24 (1st Cir. 2011) ("[A] jury may be instructed to consider the liability theory established in *Pinkerton* as an alternative ground for conviction under § 924(c)(1) in addition to an aiding and abetting theory. The alternative instruction is justified because, as with the aiding and abetting theory, vicarious co-conspirator liability under *Pinkerton* is not in the nature of a separate offense." (quotation marks, citation and brackets omitted)).

Indeed, "[i]ndictments do not recite the government's theory of proof, which is what the *Pinkerton* theory is. The function of a federal indictment is to state concisely the essential facts constituting the offense, not how the government plans to go about proving them." *United States v. Washington*, 106 F.3d 983, 1011 (D.C. Cir. 1997) (quotation marks, citation, ellipsis, and brackets omitted).

Additionally, we have held that "conspiracy need not be charged in order for *Pinkerton*'s doctrine to apply." *United States v. Lopez*, 271 F.3d 472, 480–81 (3d Cir. 2001); *see also United States v. Zachary*, 494 F.3d 644, 648 (8th Cir. 2007) ("As

upheld Whitted's conviction under *Pinkerton* on direct appeal. *See United States v. Whitted*, 304 F. App'x 52, 54 (3d Cir. 2008). In so doing, we held there was sufficient evidence to support *Pinkerton* liability:

> Whitted acknowledged the Government's reliance on *Pinkerton*[ ], but asserted that *Pinkerton* did not apply because it was not reasonably foreseeable to him that Harris would use the firearm in furtherance of their conspiracy to distribute cocaine. Based on our review of the trial testimony, particularly that of Harris, we disagree. Harris explained that he had the firearm recovered from the hotel room because he had purchased cocaine that day. He testified that he regularly carried the firearm when purchasing cocaine, that Whitted knew that he generally was armed when they purchased cocaine, and that Whitted usually asked if Harris had his firearm with him. These facts are sufficient to allow a jury to find beyond a reasonable doubt that it was reasonably foreseeable to Whitted that Harris would use the firearm, as he did on the day of their arrest, in furtherance of a drug trafficking crime. *United States v. Casiano*, 113 F.3d 420, 427 (3d Cir. 1997). We reject Whitted's contention that the District Court erred by denying his Rule 29 motion on the § 924 conviction.

*Id.*[5]

---

*Pinkerton* liability is an issue of whether the evidence was sufficient to convict the defendant of a substantive offense, whether the indictment charged a separate conspiracy offense is simply irrelevant."). In any event, Whitted was charged and convicted of a conspiracy to distribute five kilograms or more of cocaine. *See* 21 U.S.C. § 846. A *Pinkerton* conviction under § 924(c) is proper because the § 924(c) violation was a reasonably foreseeable consequence of the drug conspiracy.

[5]     As noted, the jury was never instructed on aiding and abetting liability. But assuming it was, Whitted's *Rosemond* argument would still fail because the jury received a proper *Pinkerton* instruction. *See United States v. Hare*, 820 F.3d 93, 105 (4th Cir. 2016) (affirming conviction when, even assuming *Rosemond* error, jury was properly instructed on *Pinkerton* and evidence supported conviction on that theory); *see also United States v. Edmond*, 815 F.3d 1032, 1041 (6th Cir. 2016) (Sutton, J.), *granted, vacated, and remanded on other grounds by Edmond v. United States*, 137 S. Ct. 1577 (2017) (collecting cases where trial court gave correct *Pinkerton* instruction and faulty aiding and abetting instruction in light of *Rosemond*, concluding that each court has upheld convictions as long as *Pinkerton* supported them).

**III.**

For the foregoing reasons, we will affirm the district court's order dismissing Whitted's motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255.